IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

APR 2 9 2005

Michael N. Milby, Clerk

| | |
|---|---|
| EDWARD LEE HOLLOWAY, #744655 | § |
| | § |
| V. | § CIVIL ACTION NO. G-02-323 |
| | § |
| DR. ALBERT OGUEJIOFOR, ET AL. | § |

**REPORT AND RECOMMENDATION**

The above-styled cause was remanded to this Court by the United States Court of Appeals for the Fifth Circuit on November 15, 2004. The Fifth Circuit ruled that although the frivolous dismissal of this matter was in error, it appeared that Plaintiff had failed to exhaust administrative remedies. Through an affidavit from Gwen Kay Stanford, the Assistant Administrator of Offender Grievances for the Texas Department of Criminal Justice, the Court learned that pursuant to the official records retention schedule, all grievances filed prior to September, 2001 have now been destroyed. As a result, the Court cannot independently determine whether Holloway exhausted his administrative remedies. However, a review of Plaintiff's complaint reveals that Plaintiff stated that he had not exhausted the grievance procedure.

The Prison Litigation Reform Act provides, in relevant part, that "no action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Once discretionary, the exhaustion requirement of the PLRA is now mandatory for all actions brought with respect to prison conditions. *See Booth v. Churner*, 532 U.S. 731 (2001). A review of the plain language of the statute shows that the exhaustion requirement must be fulfilled before

1

filing suit, not afterward. Where an inmate has failed to avail himself of the administrative remedies available to him, and therefore circumvented the investigations that would have been conducted by TDCJ-ID, the inmate has thwarted the legislative intent behind the statute, which was designed to reduce the quantity and improve the quality of prisoner suits. *Porter v. Nussle,* 534 U.S. 516, 152 (2002). Failing to exhaust administrative grievances, Plaintiff is barred from bringing the instant suit.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the instant cause be DISMISSED with prejudice for failure to exhaust administrative remedies. If Plaintiff has proof that he exhausted the grievance procedure, he should submit his proof with his objections, if any, to this Report and Recommendation.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **May 17, 2005** in which to have written objections <u>physically on file</u> in the Office of the Clerk. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the 28th day of April, 2005.

_____
JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE